IN RE the COMMITMENT OF Shawn SCHULPIUS:

STATE of Wisconsin, Petitioner-Appellant,

v.

Shawn SCHULPIUS, Respondent-Respondent.

Supreme Court

*No. 00–0095. Oral argument December 1, 2000.—Decided June 22, 2001.*

2001 WI 69

(Also reported in 628 N.W.2d 349.)

For the petitioner-appellant the cause was argued by *Warren D. Weinstein*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the respondent-respondent there were briefs and oral argument by *Ellen Henak*, assistant state public defender.

¶ 1. PER CURIAM. This case is before the court on a petition to bypass the court of appeals pursuant to Wis. Stat. § 809.60. The immediate question before the court, however, is whether to accept the notice of voluntary dismissal of this appeal filed by the petitioner, State of Wisconsin.

¶ 2. The respondent, Shawn Schulpius, challenged his Chapter 980 commitment on several constitutional grounds when the Department of Health and Family Services could not find appropriate placement following the August 18, 1997, order that the respondent be placed on supervised release issued by the Circuit Court for Milwaukee County, John Franke, Circuit Court Judge.

¶ 3. On October 27, 1999, the circuit court held that as applied to Schulpius, Wis. Stat. Ch. 980 presented an unconstitutional violation of the double jeopardy, substantive due process, and ex post facto clauses of the United States and Wisconsin constitutions. The circuit court entered an order releasing Schulpius from the Wisconsin Resource Center.

¶ 4. The State petitioned the court of appeals for permission to appeal a nonfinal order and the court of appeals granted the petition, *State v. Schulpius*, Case No. 00–0095 (order of March 14, 2000). After briefing,

402

Schulpius petitioned this court to bypass the court of appeals.

¶ 5. On November 29, 2000, the circuit court entered an order in which it granted the State's motion for reconsideration, determined that Schulpius was no longer suitable for supervised release, and ordered him committed to the Wisconsin Resource Center. The order further stated that the commitment to institutional care was "still subject, however, to the decision and order requiring release entered in this case on October 27, 1999." The State filed a notice of voluntary dismissal in this court on November 30, 2000, and Schulpius responded with a motion for order rejecting notice of voluntary dismissal.

¶ 6. On December 1, 2000, this court heard oral argument on whether to accept the State's notice of voluntary dismissal and on the following three issues: (1) whether the trial court had the authority to issue the November 29, 2000 order; (2) whether the order rendered the case moot; and (3) the possible effect of the United States Supreme Court's decision in *Seling v. Young*, No. 99–1185. After oral argument, the court received a copy of a December 1, 2000 letter of the circuit court further explaining its November 29, 2000 order. Subsequently, we issued an order holding in abeyance the consideration of the State's notice of voluntary dismissal and the oral arguments on the merits of this appeal pending the United States Supreme Court's decision in *Seling v. Young*.

¶ 7. The United States Supreme Court issued its decision in *Seling v. Young*, 531 U.S. 250 (2001) on January 17, 2001. Schulpius then requested an opportunity for supplemental briefing addressing the effect of the circuit court's December 1, 2000 letter on the issue of whether the circuit court intended the October

27, 1999 order to take precedence over the November 29, 2000 order and the effect of the *Seling v. Young* decision. This court ordered the requested supplemental briefing.

¶ 8.    Having considered the supplemental briefs filed by the parties, the court is equally divided on whether to accept the State's notice of voluntary dismissal. Justice Jon P. Wilcox, Justice N. Patrick Crooks, and Justice Diane S. Sykes would accept the voluntary dismissal; Chief Justice Shirley S. Abrahamson, Justice William A. Bablitch, and Justice Ann Walsh Bradley would deny the voluntary dismissal and schedule further argument on the issues of this appeal. Justice David T. Prosser did not participate. Because the court is evenly divided, both the motion for order rejecting the notice and the notice for voluntary dismissal are denied.

¶ 9.    Furthermore, given the division of this court, it will promote the efficient resolution of this appeal to remand this case to the court of appeals. We thus vacate our decision to grant bypass and remand the cause to the court of appeals for determination of further proceedings. *See Guzman v. St. Francis Hosp., Inc.*, 2000 WI 34, ¶ 2, 234 Wis. 2d 170, 609 N.W.2d 166.

*By the Court.*—The order granting bypass is vacated and the cause is remanded to the court of appeals.